IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEVIN LAMAR STEPHENSON,

    Plaintiff,

vs.                               CIVIL ACTION NO.: CV604-098

Dr. DEGROOT; Dr. VICKEY McNATT;
LISA WARNOCK, and KAREN RICE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983, contesting events which have allegedly occurred during his confinement. Plaintiff filed an Amended Complaint. Dr. Degroot, Lisa Warnock, and Karen Rice ("Defendants")[1] filed a Motion to Dismiss. Plaintiff filed a Response. For the following reasons, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was involved in a class action lawsuit filed against prison officials at Phillips State Prison, and Defendants have retaliated against him for his participation in that lawsuit. For instance, Plaintiff asserts that he was transferred to Lee Arrendale State Prison and then to Georgia State Prison. Also, Plaintiff alleges that he has been denied necessary medical treatment for HIV, mental illness, and epilepsy. (Dkt. No. 35, pp. 3-5.) Finally, Plaintiff contends that he made several requests to be transferred to

---

[1] Dr. Vickey McNatt is a named Defendant; however, she is not a party to the instant motion to dismiss.

a probation detention center, to no avail. (Id. at p. 6.) Plaintiff asserts that being housed at Georgia State Prison, rather than a probation detention center, has precluded him from participating in "groups and programs" that would have otherwise been available to him. (Id. at p. 5.)

Defendants aver that Plaintiff's claims against them should be dismissed because Plaintiff failed to exhaust his administrative remedies. Specifically, Defendants assert that although Plaintiff filed a grievance, it was not filed until *after* his Complaint was filed and the grievance did not address claims against all of the Defendants. (Memo in Support of Defs' Mot. to Dismiss, pp. 2-3.)

## STANDARD OF DETERMINATION

It is well-established that a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, the court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984). Further, all facts alleged by the Plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182; Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992). When evaluating a motion to dismiss, the issue is not whether he will ultimately prevail, but

2

AO 72A
(Rev. 8/82)

"whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION OF AUTHORITY

**Plaintiff Failed To Exhaust His Administrative Remedies.**

It is well-established that inmates have a constitutional right of access to the courts. Miller v. Tanner, 196 F.3d 1190, 1192 (11th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed.2d 606 (1996)). Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 (PLRA), sets forth the procedures a prisoner must follow to exercise this fundamental right. Id. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Id. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief

3

not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

The Georgia Department of Corrections has created a three-level grievance process for detainees[2] found in Standard Operating Procedure IIE06-001. This process requires an inmate to submit a grievance form to a Grievance Coordinator. The Grievance Coordinator will evaluate and investigate the detainee's grievance and provide him with a written response within ten (10) days. If the detainee is not satisfied with the Grievance Coordinator's answer and/or solution to the situation, he can elect not to accept it. If the detainee does not accept the answer and/or solution, the Grievance Coordinator will transfer the grievance to the Superintendent. The Superintendent will perform an independent evaluation and investigation of the grievance and provide the detainee with a written response within ten (10) days of receipt of the grievance. If the detainee is not satisfied with the Superintendent's resolution of the matter, the grievance is then forwarded to the Regional Director. The Regional Director will have twenty (20) days to evaluate the detainee's grievance and return it to the Grievance Coordinator. Following an evaluation

---

[2]Defendants note that Plaintiff is a prison detainee; however, he is being held at Georgia State Prison so that his medical and mental needs can be adequately addressed. (Memo in Support of Defs' Mot. to Dismiss, Attach. 1; Affid. Debra Kight.)

4

of the grievance, the Regional Director will provide the Grievance Coordinator with a written response. The Grievance Coordinator has two (2) days within which to provide the detainee with a copy of that response. (SOP IIE06-001; Memo in Support of Defs' Mot. to Dismiss, Ex. A.)

Defendants assert that although Plaintiff filed a grievance, it was not timely. Specifically, Defendants note that Plaintiff's Complaint was filed on August 23, 2004, and the grievance was not filed until September 30, 2004. Additionally, Defendants contend that the grievance did not address any claims against Defendant Rice. Thus, Defendants conclude that Plaintiff has not fulfilled his duty to exhaust. (Memo in Support of Defs' Mot. to Dismiss, pp. 2-3.)

Plaintiff contends that he did not file a grievance against Defendants Rice and Degroot because prison officials informed him that his complaints against these two Defendants were not grievable. (Memo in Support of Pl's Response, pp. 1, 3.) Plaintiff asserts that Defendants' motion to dismiss has made him aware of the fact that his complaints against these Defendants *are* grievable, and as such, he intends to file an out of time grievance. (Id. at p. 2.) Also, Plaintiff contends that the grievance he filed was not properly handled because prison officials did not respond to his grievance within the allotted time period. Moreover, he avers that because Defendant Rice was involved with evaluating his grievance, a conflict of interest existed. (Id. at p. 8.)

The parties agree that Plaintiff's grievance was not filed prior to filing his Complaint. A review of the record reveals that Plaintiff's Complaint was filed on August 23, 2004, and it was not until September 30, 2004 that he filed a grievance. Also, the grievance addressed only claims against Defendants Degroot and Warnock. Thus, even when

5

viewed in a light most favorable to Plaintiff and accepting all of his allegations as true, this Court concludes that Plaintiff failed to exhaust the administrative remedies available to him prior to filing the instant action.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Motion to Dismiss (Dkt. No. 68) filed by Defendants Dr. Degroot, Lisa Warnock, and Karen Rice be **GRANTED** and Plaintiff's claims against those Defendants be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies. The claims against Dr. Vickey McNatt remain pending.

**SO REPORTED** and **RECOMMENDED**, this 29th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## Southern District of Georgia

STEPHENSON _____ )

vs _____ )    CASE NUMBER **CV604-98**

DEGROOT, ET AL _____ )    DIVISION **STATESBORO**

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated **7/29/05**, which is part of the official record of this case.

Date of Mailing:    **7/29/05**

Date of Certificate    ☒ same date,    or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Deana Simon-Johnson
Kevin Stephenson, 850775, Georgia State Prison, 2164 GA Hwy 147, Reidsville, GA 30453

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate