IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KEVIN LAMAR STEPHENSON,

Plaintiff,

vs.

Dr. VICKEY McNATT,

Defendant.

CIVIL ACTION NO.: CV604-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 42 U.S.C.A. § 1983 contesting the conditions of his confinement during his incarceration at Georgia State Prison ("GSP"). Plaintiff filed an Amended Complaint. Defendant McNatt ("McNatt") filed a Motion to Dismiss.[1] Plaintiff filed a Response. For the following reasons, McNatt's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant retaliated against him for his participation in a class action lawsuit filed against prison officials at Phillips State Prison. For instance, Plaintiff asserts that he was transferred to Lee Arrendale State Prison and then to Georgia State Prison. Plaintiff also alleges that he has been denied necessary medical treatment for HIV, mental illness, and epilepsy. (Doc. No. 35, pp. 3-5.) Finally, Plaintiff contends that he made several requests to be transferred to a probation detention center, to no avail.

---

[1] Defendants Degroot, Warnock, and Rice filed a separate Motion to Dismiss. (Doc. No. 68.) The undersigned recommended their Motion be granted due to Plaintiff's failure to exhaust his administrative remedies. (Doc. No. 95.) The Honorable B. Avant Edenfield adopted the undersigned's Report and Recommendation, as the opinion of the Court. (Doc. No. 100.)

AO 72A
(Rev. 8/82)

(Id. at p. 6.) Plaintiff asserts that being housed at Georgia State Prison, rather than a probation detention center, has precluded him from participating in "groups and programs" that would have otherwise been available to him. (Id. at p. 5.)

McNatt avers that Plaintiff's claims against her should be dismissed because Plaintiff failed to exhaust his administrative remedies. Specifically, McNatt asserts that although Plaintiff filed a grievance, he filed it after he filed his Complaint.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See

2

AO 72A
(Rev. 8/82)

Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 (PLRA), sets forth the procedures a prisoner must follow to exercise this fundamental right. Id. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Id. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. See Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

3

The Georgia Department of Corrections has created a three-level grievance process for detainees found in Standard Operating Procedure IIE06-0001.[2] This process requires an inmate to submit a grievance form to a Grievance Coordinator. The Grievance Coordinator evaluates and investigates the detainee's grievance and provides him with a written response within ten (10) days. If the detainee is not satisfied with the Grievance Coordinator's answer and/or solution to the situation, he can elect not to accept it. If the detainee does not accept the answer and/or solution, the Grievance Coordinator transfers the grievance to the Superintendent. The Superintendent performs an independent evaluation and investigation of the grievance and provides the detainee with a written response within ten (10) days of receipt of the grievance. If the detainee is not satisfied with the Superintendent's resolution of the matter, the grievance is then forwarded to the Regional Director. The Regional Director has twenty (20) days to evaluate the detainee's grievance and return a written response to the Grievance Coordinator. The Grievance Coordinator has two (2) days within which to provide the detainee with a copy of that response. (Doc. No. 68, Ex. A, SOP IIE06-0001.)

McNatt asserts that Plaintiff has not exhausted his administrative remedies. Specifically, McNatt notes that Plaintiff filed his grievance one month after his Complaint; thus, McNatt contends that Plaintiff failed to exhaust his available administrative remedies prior to filing suit.

---

[2] In their Motion to Dismiss, Defendants Degroot, Rice, and Warnock submitted Georgia Department of Corrections Standard Operating Procedure IIE06-0001. (Doc. No. 68, Ex. A.) Although Defendant McNatt has not attached this exhibit, the Court incorporates this information due to the similarity in her grounds for dismissal.

4

Plaintiff asserts that he filed an out-of-time grievance against Defendants Degroot and Warnock, which Defendant Rice denied. Plaintiff contends that he filed several other grievances for inadequate treatment of his HIV and for the prison's inadequate law library. Plaintiff also alleges that he filed grievances for his transfer from Philips State Prison to Lee Arrendale State Prison. Plaintiff avers that Defendants McNatt and Warnock altered and obstructed evidence used in this case.

Plaintiff's grievances do not discuss McNatt or any specific allegations against her. McNatt's name only appears on two disciplinary evaluations as the unit director who signed Plaintiff's mental health evaluations. Moreover, Plaintiff filed a grievance that is the subject of this case a month after he filed his Complaint. Plaintiff did not receive a final ruling from the Department of Corrections on the merits of his claims prior to filing the instant cause of action. Plaintiff's remaining allegations regarding altered evidence in this case are unsupported.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the Motion to Dismiss (Doc. No. 87) filed by Defendant McNatt be **GRANTED** and Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his complaint.

**SO REPORTED** and **RECOMMENDED**, this 29th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)